# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

ELMER J. LAPPE,

       Plaintiff,

vs.

UNKNOWN,

       Defendant.

No. C13-0145-LRR

ORDER

---

This matter is before the court on the submission of a complaint, an application to proceed in forma pauperis and an application for appointment of counsel. The plaintiff submitted his complaint and applications on December 24, 2013. Additionally, on January 7, 2014, the plaintiff supplemented his complaint by filing a document that references a state court case.

The plaintiff did not submit the statutory $350.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). For those individuals who are granted in forma pauperis status, the full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Here, the plaintiff did not sign and date his application to proceed in forma pauperis. *See* Fed. R. Civ. P. 11(a) (regarding signing of pleadings); LR 11 (same). Moreover, he did not

include an affidavit that includes a statement of all the assets that he possesses. Consequently, the plaintiff's application to proceed in forma pauperis is deficient.[1]

Further, the plaintiff's complaint does not comply with the Federal Rules of Civil Procedure. Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction" a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity. Here, the plaintiff's claims are not simple, concise and direct, and, consequently, the record is very difficult to review. Stated differently, the court finds that it is extraordinarily hard to discern what claims the plaintiff is actually asserting against any particular defendant.

Because the plaintiff's application to proceed in forma pauperis is deficient and the plaintiff's complaint does not include comprehensible claims, the plaintiff's application to

---

[1] In the event that the plaintiff desires in forma pauperis status in any subsequent action, he should complete the form that is typically utilized by those who desire to proceed without prepayment of the filing fees, that is, AO 240.

proceed in forma pauperis and application for appointment of counsel are denied without prejudice and the plaintiff's action is dismissed without prejudice.

**IT IS SO ORDERED**

**DATED** this 24th day of March, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA